IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| NANCY STACHEWICZ, on behalf of herself And all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CERTEGY PAYMENT SOLUTIONS , LLC, )<br>)<br>Defendant. ) | Case No. 1:23-cv-1258 |

## CLASS ACTION COMPLAINT

NOW COMES the plaintiff, NANCY STACHEWICZ on behalf of herself and all others similarly situated, by and through her attorneys, SMITHMARCO PC., and for her class action complaint against CERTEGY PAYMENT SOLUTIONS, LLC, the plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.   This is a consumer class action for actual and statutory damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, et. seq.  Plaintiff brings this action on behalf of consumers throughout the country who have been the subject of consumer reports which contained information which was out of date and inaccurate.

### II.   JURISDICTION & VENUE

2.   Jurisdiction arises under the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.   Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.  NANCY STACHEWICZ, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Lacon, County of Marshall, State of Illinois.

5.  At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6.  CERTEGY PAYMENT SOLUTIONS, LLC, (hereinafter, "Defendant"), is a business entity that provides check screening services to various third-parties including Kroger stores and Dollar General stores.

7.  Defendant is registered as a corporation in the state of Illinois.

8.  At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

9.  At all relevant times Defendant was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

10. At all relevant times, Defendant was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

### IV.   ALLEGATIONS

11. At all relevant times, "reports" as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

12. Among other things, the FCRA regulates the collection, maintenance and disclosure of consumer credit report information by consumer reporting agencies.

13. Among other things, Defendant sells consumer reports to retail stores who wish to screen people who wish to buy products with a personal check.

14. Some of the consumer reports Defendant sells to employers contain information regarding an applicant's financial responsibility and trustworthiness when it comes to the use of personal checks.

15. Consumer reporting agencies ("CRAs") such as Defendant, deal in volume and use standardized procedures to gather information and attribute it to individuals. They do not "reinvent the wheel" by using unique practices with respect to each different report.

16. When a consumer reporting agency prepares a consumer report, it is required by the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. 15 U.S.C. § 1681e(b).

17. As a CRA when it prepares a consumer report, Defendant is required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

18. Every CRA must, upon request from a consumer, clearly and accurately disclose to the consumer all information in the consumer's file. 15 U.S.C. § 1681g(a).

19. On or about January 7, 2023, Plaintiff attempted to use a personal check to pay for groceries at a Kroger store.

20. At all times, Plaintiff had sufficient funds in her bank account to cover the amount of the check.

21. Plaintiff's ability to pay for her groceries with money from her bank account with the use of a personal check was contingent upon a satisfactory consumer report from Defendant.

22. As part of its personal check screening process, Kroger requested that Defendant provide information regarding, among other things, the character and general reputation of Plaintiff.

23. On or about January 7, 2018, Defendant prepared and sold a consumer report to Kroger purportedly regarding the character and general reputation of Plaintiff, according to its standard policies and procedures for compiling and preparing reports.

24. The report furnished by Defendant was for a legitimate business purpose under 15 U.S.C. §1681b(a)(3)(F)(i).

25. Defendant has been improperly reporting, and did here report, false and inaccurate statements and information relating to Plaintiff and Plaintiff's character, trustworthiness and reliability for writing personal checks to third parties ("inaccurate information"), including Kroger.

26. The inaccurate information includes, but is not limited to, that Plaintiff does not have a valid driver's license.

27. Plaintiff has at all relevant times had a valid driver's license.

28. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff by including false information that does not pertain to Plaintiff.

29. Had Defendant followed reasonable procedures it would not falsely reported information that prevented Plaintiff from being able to write a personal check to a grocery store.

30. Defendant has deliberately, willfully, recklessly and negligently adopted a policy and practice that disregards its duty to follow reasonable procedures to assure maximum possible accuracy of the information about the individuals to whom the reports relate, in violation of the FCRA.

31. Defendant's conduct has similarly affected Plaintiff and numerous other consumers about whom it sold reports, when Defendant sold reports that contained information that was false, untrue, and likely pertained to another person altogether.

32. Defendant has sold reports to various grocery stores and other stores and venders about numerous individuals which contained records which were not accurate.

33. The identities of the other individuals about whom Defendant reported inaccurate and outdated public record information can be identified through review of Defendant's business records and publicly available records, based upon objective criteria.

34. As a result of the information contained within the consumer report that Defendant sold to Kroger., Plaintiff was advised at the store check-out that she was not able to pay by check and that her check would not be accepted because of the information on the report from Defendant. The basis for this rejection was the inaccurate and derogatory information that appears on Plaintiff's consumer report furnished by Defendant to Kroger and such inaccurate information was a substantial factor for the rejection.

35. When her check was refused by Kroger, Plaintiff was publicly embarrassed and humiliated. Plaintiff was forced to pay for her groceries with a credit card, which carried a high interest rate. Plaintiff was forced to pay interest on her grocery shopping despite having sufficient funds in her bank account to pay for them by check.

36. On or about January 15, 2023, after Defendant sold the consumer report pertaining to Plaintiff to Kroger and one other store, a Dollar General Store, Plaintiff contacted Defendant and asked Defendant to send her a copy of the information Defendant maintained about her. In response, Defendant provided a background report which failed to contain any information

regarding Plaintiff, any information that Plaintiff's driver's license was invalid, or any information that could be perceived as being derogatory.

37. Defendant did not provide Plaintiff with the information it maintains about her in response to her request.

38. Defendant did not provide the information it reported about Plaintiff to Kroger or other third parties.

39. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Interest charges incurred with having to pay for personal items on credit;

   b. Denial of statutorily-mandated disclosure of information regarding Defendant's reporting, necessary for Plaintiff to have an opportunity to mitigate Defendant's inaccurate reporting and prevent it from occurring in the future;

   c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown causing public embarrassment and humiliation;

   d. Harm to reputation;

40. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

41. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## V.     CLASS ACTION ALLEGATIONS

42. Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following classes:

### Section 1681e(b) Inaccurate Records Class

All natural persons residing within the United States and its Territories who, beginning five (5) years prior to the filing of this Complaint and continuing through the conclusion of this action, were the subject of a consumer report prepared by Defendant which included any false information, including false public record information (including any drivers license record information).

### Section 1681g(a) Failure to Report Class

All natural persons residing within the United States and its Territories who, beginning two (2) years prior to the filing of this Complaint and continuing through the conclusion of this action, who requested a copy of their report and were not provided all information in the consumers file at the time of the request, the source of the information, and the identification of each person that procured a consumer report during the one year period preceding the date the request was made.

43. Plaintiff reserves the right to amend the definition of the Classes based on discovery or legal developments.

44. **Numerosity.  Fed. R. Civ. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. Defendant sells thousands of consumer reports on consumers each year, and those persons' names and addresses are identifiable through documents maintained by Defendant.

45. **Common Questions of Law and Fact.  Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Classes and predominate over the questions affecting only individual members. The common legal and factual questions include, among others: Whether Defendant violated section 1681e(b) of the FCRA by failing to follow reasonable procedures to assure maximum possible accuracy of the consumer reports it sold. *See Soutter v. Equifax Info. Servs., LLC*, 307 F.R.D. 183, 201-06 (E.D. Va. 2015) (section 1681e(b) class claim

involving objective comparison of consumer reports to available public records presented common questions with respect to accuracy and reasonable procedures) and whether it violated section 1681g(a) of the FCRA by failing to provide a complete copy of the report to Plaintiff containing all the information reported about her including the sources of said information and the identifies of other recipients of her consumer reports.

46.     **Typicality.  Fed. R. Civ. P. 23(a)(3)**.  Plaintiff's claims are typical of the claims of each Class member, which all arise from the same operative facts and are based on the same legal theories.

47.     **Adequacy.  Fed. R. Civ. P. 23(a)(4).**  Plaintiff is an adequate representative of the Classes because her interests are aligned with, and are not antagonistic to, the interests of the members of the Classes she seeks to represent, she has retained counsel competent and experienced in such litigation, and she intends to prosecute this action vigorously.  Plaintiff and her counsel will fairly and adequately protect the interests of members of the Classes.

48.     **Predominance and Superiority.  Fed. R. Civ. P. 23(b)(3).**  Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy.  The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct.  It would be virtually impossible for the members of the Classes individually to redress effectively the wrongs done to them.  Even if the members of the Classes themselves could afford such individual litigation, it would be an unnecessary burden on the courts.  Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system

presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding. *See Soutter*, 307 F.R.D. at 214- (section 1681e(b) claim presents predominating questions with respect to inaccuracy because evaluation of inaccuracy based on "verifiable and objectively determinable" evidence available for all class members).

## VI. CAUSES OF ACTION

### COUNT I
### Fair Credit Reporting Act, 15 U.S.C. § 1681e(b)
### (On behalf of Plaintiff and Classes)

49. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

50. Defendant is a "person" and "consumer reporting agency" as defined by sections 1681a(b) and (f) of the FCRA.

51. Plaintiff is a "consumer," as defined by section 1681a(c) of the FCRA.

52. The above-mentioned background reports are "consumer reports" as defined by section 1681a(d) of the FCRA.

53. Pursuant to sections 1681n and 1681o of the FCRA, Defendant is liable for negligently and willfully failing to maintain reasonable procedures to assure maximum possible accuracy of the consumer reports that it sold, in violation of 15 U.S.C. § 1681e(b).

### COUNT III
### Fair Credit Reporting Act, 15 U.S.C. § 1681g(a)

54. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

55. Pursuant to 15 U.S.C. §§ 1681n and 1681o, Defendant is liable to Plaintiff for failing to provide a complete copy of all the information in her file upon request, in violation of 15 U.S.C. § 1681g(a).

### JURY DEMAND

56. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, NANCY STACHEWICZ, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and the Classes and against Defendant as follows:

(a)   That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class;

(b)   That judgment be entered against Defendant for statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a);

(c)   That judgment be entered against Defendant for punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

(d)   That judgment be entered for actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1) and/or 1681o(a)(1);

(e)   That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and/or o; and

(f)   That the Court grant such other and further relief as may be just and proper.

                                              Respectfully Submitted,
                                              **NANCY STACHEWICZ**

                                      By:    s/ David M. Marco
                                                  Attorney for Plaintiff

Dated: July 11, 2023

David M. Marco
SMITHMARCO, P.C.
5250 Old Orchard Rd., Suite 300
Skokie, IL 60077
Telephone:   (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:        dmarco@smithmarco.com