IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

JOHN STACHEWICZ, Successor in Interest to Nancy Stachewicz, deceased,
    Plaintiff,

v.

CERTEGY PAYMENT SOLUTIONS, LLC,
    Defendant.

Case No. 1:23-cv-01258-JEH-RLH

**Order**

Now before the Court is Defendant Certegy Payment Solutions, LLC's Objection to Magistrate Judge Hanna's Order Substituting John Stachewicz as a Party and Motion to Hold the Order in Abeyance (D. 79).[1] For the reasons set forth *infra*, the Motion is DENIED and the Objection is OVERRULED.

**I**

The background of this case was sufficiently detailed in the Magistrate Judge's October 24, 2025 Order & Opinion (D. 78) (Order) and is incorporated herein. Stated simply, this case was originally filed by Nancy Stachewicz alleging the insufficiency of Defendant Certegy's procedures under the Fair Credit Reporting Act. While she remained the named plaintiff, discovery commenced and closed, Nancy moved to certify a nationwide class of people (D. 37), and Certegy filed a Motion for Summary Judgment (D. 40). While the Motions to Certify Class and Summary Judgment were pending, Plaintiff Stachewicz's

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

...

counsel filed a Suggestion of Death of Nancy Stachewicz Upon the Record Pursuant to Rule 25(a)(1) (D. 63) on April 25, 2025. Pursuant to the parties' Joint Motion to Stay Proceedings (D. 64), the Court stayed this case in its entirety until June 13, 2025, later extended to July 16, 2025, to permit Plaintiff's counsel to discern an appropriate individual to substitute for Plaintiff and for the Defendant to evaluate next steps, including whether substitution was appropriate and permissible.

On July 16, 2025, John Stachewicz, Nancy's surviving husband, filed a Motion to Substitute Proper Party (D. 66) pursuant to Federal Rule of Civil Procedure 25(a).[2] The Motion was referred to the Magistrate Judge who thereafter granted the Motion in an exhaustive 28-page order which ordered John's substitution as plaintiff. On November 7, 2025, Defendant Certegy filed the instant Objection to the Magistrate Judge's October 24th Order, arguing any determination of whether John is a "proper party" under Rule 25 is premature.

**II**

Federal Rule of Civil Procedure 72(a) states:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

---

[2] Section (a)(1) of Rule 25 of the Federal Rules of Civil Procedures provides: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."

Here, Defendant Certegy timely objected to the Magistrate Judge's Order. For the following reasons, the Court does not find any part of that Order clearly erroneous or contrary to law.

Defendant Certegy's Objection is rather limited in that it takes issue only with the Magistrate Judge's reliance upon John Stachewicz's affidavit declaring that he is the "proper party". The Defendant contends there is no underlying documentation substantiating John's claim and despite John's own counsel previously raising significant questions about his capacity to even sign an affidavit in the first place. The Defendant further contends that John asserts several legal conclusions in the affidavit given John's failure to produce a copy of Nancy's will to substantiate his claim. Arguing it has been unable to test whether John is, in fact, the "proper party" under Rule 25 in light Plaintiff's counsel's continued declination to produce the will, Certegy asks to hold the Magistrate Judge's Order in abeyance until Certegy can take discovery on whether John is a "proper party".

The Plaintiff filed his Response (D. 81) to Defendant's Rule 72(a) Objection, pointing out that Plaintiff's counsel received Nancy's will on November 14, 2025 and sent it to Certegy's counsel that very same day. The January 27, 1992 will Nancy executed states at Item IX: "I hereby nominate and appoint my husband, JOHN C. STACHEWICZ, as Executor of this, my Last Will and Testament, and in the event that he does not survive me or is unwilling to so serve, then I nominate and appoint JASON CLOSE, as Successor-Executor . . . ." Pl.'s Resp. Ex. A (D. 81-1 at ECF p. 3). At Item X, the Will states, "My Executor or Successor-Executor shall have the power to do any and all things deemed to be essential or desirable to be done in the administration or management of my estate, as fully as I could do, if living." *Id*. at ECF p. 4.

The production of a copy of Nancy's will to Certegy together with the substance of that will renders Certegy's Objection moot. The will provides the

3

basis Certegy is so insistent upon for the Magistrate Judge's finding. Of note, as John argues, Rule 25 does not prescribe any particular form of documentation required to establish one's status as a "proper party". *See* FED. R. CIV. P. 25(a) (stating nothing as to the documentation necessary to establish someone as the "proper party"). Even without production of a copy of the will, the Magistrate Judge's finding as to John as the "proper party" certainly does *not* leave this Court with the definite and firm conviction that a mistake has been made. *See Rodriguez v. City of Chi.*, 429 F. Supp. 3d 537, 540 (N.D. Ill. 2019) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943-44 (7th Cir. 1997)) (explaining that the clear error standard of Rule 72(a) "means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made[]").

With regard to John's affidavit, the Magistrate Judge pointed out that Certegy's own cited authority confirmed district courts may, in their discretion, consider self-serving statements in affidavits so long as they are based on personal knowledge and set forth specific facts. Mag. J. Order (D. 78 at ECF p. 17). The Magistrate Judge concluded John's affidavit showed he is the executor of Nancy's estate where it was unquestionably based on his own knowledge, and Certegy did not provide evidence of its own that would cast doubt on the affidavit's credibility. *Id.* at ECF p. 18. The Magistrate Judge also found Rule 25 "does not empower courts to conduct a freewheeling analysis of the relative 'interests' involved before allowing substitution." *Id.* at ECF p. 20. His findings were both well-reasoned and supported by persuasive authority. *See id.* at ECF pp. 18-20; *see also Stueve Constr., LLC v. Weber Plumbing and Heating, Inc.*, No. 19-CV-2072, 2021 WL 3032665, at *2 (C.D. Ill. July 19, 2021) ("An order is 'contrary to law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" (quoting *Henry v. Centeno*, No. 10 C 6364, 2011 WL 3796749, at *1 (N.D. Ill. Aug. 23, 2011)). His

4

finding that Rule 25(a) does not speak to the competence of the proposed substitute is similarly above reproach. *Id*. at ECF p. 21.

Defendant Certegy's Objection is overruled, and its request to hold the Magistrate Judge's Order in abeyance is denied.

### III

The issue of party substitution under Rule 25(a) has been extensively litigated, and both the Magistrate Judge and the undersigned have now passed judgment on the issue. Enough is enough. This case must proceed beyond Rule 25(a) substitution. As Plaintiff John Stachewicz argues, "rather than negate the analysis of Magistrate Judge Hanna's Substitution Order, [Nancy's will] solidifies it." Pl.'s Resp. (D. 81 at ECF p. 9). The Magistrate Judge made very clear in his Order that upon John becoming the plaintiff, "Certegy may request to depose him and conduct discovery into his competence" *under Federal Rule of Civil Procedure 17(c)*, and if it "believes it can meet its burden to demonstrate that John is incompetent – or needs additional discovery to do so – it will be free to bring that to the Court's attention in ordinary course and on a proper motion." *Id*. at ECF pp. 25-26.

In that regard, the parties' Joint Status Report Regarding Upcoming Request to Re-Open Discovery (D. 82) states they "have agreed that additional discovery is needed, have discussed the scope of any additional discovery, and have formulated a proposed plan for re-opened discovery." (D. 82 at ECF p. 2). The parties are granted leave to file a joint motion requesting the Court re-open discovery. They state they will also request leave to supplement the briefing on the Motion for Class Certification and Motion for Summary Judgment. Given everything that has transpired in this case since those Motions were filed and in the interests of the efficient administration of justice, the Plaintiff's Motion for Class Certification and the Defendant's Motion for Summary Judgment are both

denied with leave to renew. As a result, Defendant Certegy's sealed Opposition to Plaintiff's Motion for Class Certification (D. 43) and sealed Memorandum in Support of Certegy Payment Solutions, LLC's Motion for Summary Judgment (D. 44), both incorrectly filed as motions, are moot. The Defendant's Motion to Strike the Declaration of Matthew Woodward (D. 47) is also now moot.

## IV

For the reasons set forth *supra*, Defendant Certegy Payment Solutions, LLC's Objection to Magistrate Judge Hanna's Order Substituting John Stachewicz as a Party and Motion to Hold the Order in Abeyance (D. 79) is DENIED. Defendant Certegy's objection to the Magistrate Judge's Order is OVERRULED. The Plaintiff's Motion for Class Certification (D. 37) is DENIED WITH LEAVE TO RENEW. The Defendant's Motion for Summary Judgment (D. 40) is DENIED WITH LEAVE TO RENEW. The Defendant's sealed Opposition to Plaintiff's Motion for Class Certification (D. 43) and sealed Memorandum in Support of Certegy Payment Solutions, LLC's Motion for Summary Judgment (D. 44) are both MOOT. The Defendant's Motion to Strike the Declaration of Matthew Woodward (D. 47) is MOOT. The parties are granted leave to file a joint motion requesting the Court re-open discovery. This case is again referred to the Magistrate Judge for further proceedings.

*It is so ordered.*

Entered on January 12, 2026

<u>s/Jonathan E. Hawley</u>
U.S. DISTRICT JUDGE