## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

NANCY STACHEWICZ,

     *Plaintiff*,

    v.

CERTEGY PAYMENT
SOLUTIONS, LLC,

     *Defendant*.

Case No. 1:23-cv-01258-JEH-RLH

## QUALIFIED PROTECTIVE ORDER FOR
## PROTECTED HEALTH INFORMATION

The parties have requested an order to be issued for protected health information relevant to this case. Pursuant to 45 C.F.R. §164.512(e)(1), the Court finds good cause for the issuance of a qualified protective order to prevent the unauthorized disclosure and to direct the use of protected health information during the course of this litigation. Accordingly, this Court ORDERS:

1.  During the course of this litigation, it may be necessary for the parties or their attorneys to disclose protected health information, as that term is defined under HIPAA and the Federal Regulations promulgated pursuant to that Act. All protected health information disclosed by any healthcare providers shall be used for the sole purpose of preparing for or conducting this litigation, including but not limited to consultation, discovery, depositions, investigation, trial preparation, trial, appeal, mediation, resolution,

or uses incidental to the proceeding in this case and shall not be disclosed or revealed to anyone not authorized by this Protective Order.

2.     The parties and their attorneys are prohibited from using or disclosing protected health information  obtained pursuant to this order for any purpose other than the litigation or proceeding for which such information was requested.

3.     The parties and their attorneys are authorized to receive, subpoena, and transmit "protected health information" to the extent and subject to the conditions outlined herein.

4.     For the purposes of this qualified protective order, "protected health information" shall have the same definition and scope as set forth in 45 C.F.R. §§160.103 and 164.501. Protected health information includes, but is not limited to, health information that includes demographic information which relates to either (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or (c) the payment for care provided to an individual that identifies the individual or reasonably could be expected to identify the individual.

5.     All "covered entities" as defined by 45 C.F.R. §160.103, are authorized to disclose protected health information to attorneys representing a party in the above-captioned litigation.

6.     Protected health information may be disclosed without further notice by any covered entity or healthcare provider, party or parties' attorney, to the parties themselves, parties' attorneys, court personnel, experts, consultants, any witness or other person retained or called by the parties, treating physicians, other healthcare providers, insurance

carriers, or other entities from whom damages, compensation, or indemnity is sought and any entity performing, monitoring, or providing adjustment activities on behalf of such insurance carrier or other entity and/or their employees, agents, or third party administrators for any of the parties involved in the litigation; in any proceeding for health oversight activities as permitted under 45 C.F.R. §164.512, court reporters, copy services, other similar vendors to the parties and their attorneys, as well as the professional and support staff of the above.

7.     Prior to disclosing protected health information to persons involved in this litigation, counsel shall inform each such person that the protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure persons receiving protected health information do not use or disclose such information for any purpose other than this litigation.

8.     The Parties are still required to seek information through the lawful process applicable to discovery in any civil case, such as through discovery requests, subpoenas, and motions to compel. This order does not relieve any party of complying with applicable notice requirements, see 45 C.F.R. § 164.512(e)(1)(ii)(A) & (iii).

9.     Within 45 days after the conclusion of the litigation including appeals, the parties, and each entity governed by this Order, shall either (a) destroy, or (b) return to the entity who originally produced it all protected health information, including all copies made.

10.     This order applies to: a) any protected health information sought by a party to this lawsuit from a covered entity pursuant to a subpoena, discovery request, or other

lawful process, 45 C.F.R. § 164.512(e)(1)(ii); and b) any protected health information for which this Court has specifically ordered or authorized production, 45 C.F.R. § 164.512(e)(1)(i). Protected health information pursuant to this HIPAA Qualified Order may include information related to behavioral or mental health services and treatment for alcohol and drug abuse.

11.    This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file Plaintiff's protected health information under seal. Any request to seal documents shall be made pursuant to Rule 5.10 of the local rules of the United States District Court for the Central District of Illinois.


**DATE:** June 23, 2026

**ENTERED:**

Ronald L. Hanna
United States Magistrate Judge